UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GERALD D. FIELDS,**

        **Plaintiff,**

    v.                              Case No. 2:21-cv-160
                                    Judge Michael H. Watson

**MUSKINGUM COUNTY ADULT**     Magistrate Judge Jolson
**PAROLE AUTHORITY, et al.,**

        **Defendants.**

**REPORT AND RECOMMENDATION AND ORDER**

    Plaintiff Gerald D. Fields is an inmate at Noble Correctional Institution who is proceeding *pro se* against Defendants Muskingum County Adult Parole Authority, Zanesville Police Department, the City of Zanesville, Michael Haddox and Judge Kelly Cottrill. (Doc. 1-1). This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915A, 1915(e)(2).

    Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, the Undersigned **RECOMMENDS** Plaintiff's Complaint be **DISMISSED**.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

    Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1)–(2) (Doc. 1), the Motion is **GRANTED**. Plaintiff is required to pay the full

amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's Motion reveals that he has an insufficient amount to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Noble Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be

2

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

### III. DISCUSSION

Plaintiff brings this § 1983 action claiming a violation of procedural due process. (Doc. 1-1 at ¶¶ 3, 7). Plaintiff alleges that following his criminal conviction and sentencing, "[Defendants] all refused to return the seven thousand, seven hundred dollars in U.S. currency taken from Plaintiff's house on February 8, 2019 . . ." (*Id*., ¶ 6). He contends that that because the jury in his criminal case "clearly declined to forfeit [the property] to the state[,]" he is entitled

3

to that property. (*Id*., ¶ 7). Furthermore, Plaintiff represents that he "has filed several motions to the trial court for the return of the property at issue, and without cause, the trial court [has] fail[ed] to give any clear reason why the [property] has yet to be returned." (*Id*., ¶ 8). For the forthcoming reasons, the Undersigned recommends dismissing the Complaint in its entirety.

### A. State Post-deprivation Remedies

"[U]nauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful [state] postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Accordingly, in order to bring a procedural due process claim under § 1983, Plaintiff must "first plead[] and prov[e] the inadequacy of state or administrative processes and remedies to redress [a] due process violation[]." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F. 3d 583, 587–88 (6th Cir. 2004).

Here, "Plaintiff has failed to state a deprivation of due process claim because he has not alleged the inadequacy of state post-deprivation remedies." *Roller v. Matheny*, No. 1:12-cv-262, 2012 WL 5451527, at *4 (E.D. Tenn. Nov. 7, 2012). While Plaintiff asserts that he has "filed several motions to the trial court for the return of the property at issue[,]" nowhere in his Complaint does he allege the inadequacy of state post-deprivation remedies. (*See generally* Doc. 1-1). In fact, Plaintiff has already been notified of the appropriate post-deprivation remedy for the return of this property.

In November 2020, Plaintiff filed a Writ of Mandamus with the Fifth District Ohio Court of Appeals requesting that the court "order [Defendants] [] release $7,700.00 in cash to his brother." *Fields v. Cottrill*, No. CT2020-0046, 2020 WL 6482754, at *1 (Ohio Ct. App. Nov. 4, 2020). At the outset, that Court noted that each of the motions Plaintiff filed attempting to secure

the return of the $7,700.00 were denied, and Plaintiff never appealed the denial of these motions. *Id*. Furthermore, in denying his claim, that Court held that "[Plaintiff] has an adequate remedy at law and cannot state a claim for mandamus relief." *Id*. at 2. "This adequate remedy is an action in replevin." *Id*. There is nothing in Plaintiff's Complaint suggesting that he has filed such an action.

Accordingly, as this is his only cause of action, Plaintiff's Complaint fails to state a claim upon which relief may be granted as he has not alleged the inadequacy of state post-deprivation remedies. *Roller*, 2012 WL 5451527, at *5; *see also See Keenan v. Marker*, 23 Fed. App'x. 405, 407 (6th Cir. 2001) ("Because Michigan provides [Plaintiff] with adequate postdeprivation remedies for the loss of his property, the unauthorized negligent or intentional deprivation of [Plaintiff]'s property does not rise to the level of a violation of due process.").

**B. Immunity**

While immunity need not be considered here because the Complaint fails on its face, the Undersigned notes that Defendants Haddox and Cottrill would be immune from suit because of prosecutorial and judicial immunity.

First, Defendant Haddox is protected by prosecutorial immunity. Prosecutors are "absolutely immune from liability" for their actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotations omitted). "[A]bsolute immunity," however, "may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say, investigative or administrative tasks." *Id*. at 342 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 433 n.33 (1976)). Plaintiff has not alleged any facts that would show Defendant Haddox was not acting as an officer of the court at the time of his alleged misconduct. Defendant Haddox is entitled to prosecutorial immunity as a result.

Second, Defendant Cottrill is protected by judicial immunity. Judicial immunity shields judges and other public officers "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction. *Id*. at 11–12. Plaintiff has not alleged any facts that would show Defendant Cottrill acted outside the scope of her judicial capacity, or that she acted in the absence of all jurisdiction. As a result, Defendant Cottrill is entitled to judicial immunity.

## IV.  CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons set forth above, the Undersigned **RECOMMENDS** Plaintiff's Complaint be **DISMISSED**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: February 24, 2021            /s/Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE